
**NOT FOR PUBLICATION**

MAR 09 2017

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **PJY ENTERPRISES, LLC, a Hawaii limited liability company; MIKE, INC., a Hawaii corporation; ALOHA ARCADE, INC., a Hawaii corporation; GS ENTERTAINMENT, INC., a Hawaii corporation,** | No.   14-16016<br><br>D.C. No.<br>1:12-cv-00577-LEK-RLP |
| Plaintiffs-Appellants, | |
| v. | **MEMORANDUM**[*] |
| **KEITH M. KANESHIRO, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu; LOUIS M. KEALOHA, in his official capacity as the Chief of Police of the City and County of Honolulu; AARON YOUNG; HONOLULU POLICE DEPARTMENT,** | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 21, 2017

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Honolulu, Hawaii

Before:    **KOZINSKI**, **HAWKINS** and **BEA**, Circuit Judges.

**1.** The district court properly granted summary judgment to the Honolulu Police Department, Keith M. Kaneshiro, Louis M. Kealoha and Aaron Young on whether the Products Direct Sweepstakes (PDS) terminals that the Honolulu Police Department seized from plaintiffs' arcades constituted "gambling devices" within the meaning of Hawaii Revised Statute section 712-1220. The undisputed statistical and episodic evidence in the record establishes that only a small portion of the discount coupons obtained from the PDS terminals were ever registered on the Products Direct website, and only a small portion of the registered coupons were ever used to purchase merchandise. This shows that the terminals were not used to buy discount coupons but rather to "stake[] or risk[] something of value" for the potential cash prize. Haw. Rev. Stat. § 712-1220.

**2.** The evidentiary challenges plaintiffs raise don't affect our analysis. First, plaintiffs argue that the district court erroneously determined that Detectives Young and Solon never received the items that they ordered from the Products Direct website. But the fact that the detectives eventually received their items almost two months after they placed their orders—and after they made the

declarations at issue—is insufficient to create a genuine dispute of material fact regarding the bona fide nature of the website.

Second, plaintiffs' challenge that the district court erroneously excluded plaintiffs' evidence regarding the sale of coupon books is equally futile. The types of products that were being sold or the relative popularity of each item is irrelevant to whether the users of the PDS terminals were "gambling" or buying discount coupons.

Third, the district court properly relied on personal observations contained in the declarations of Detectives Young and Solon and of Chad Teruya. Although these observations related to Winner'z Zone arcades, owned and operated by the plaintiffs who are not parties to this appeal, nothing in the record suggests that the PDS terminals in Lucky Zone arcades operated differently or that customers at Lucky Zone arcades behaved differently.

Finally, the paragraph in Detective Young's declaration describing what the users of the PDS terminals told him may have been hearsay. But, in light of the other undisputed evidence, the district court's failure to exclude this evidence was not prejudicial. See Ambat v. City & Cty. of San Francisco, 757 F.3d 1017, 1032 (9th Cir. 2014).

**3.** Nor did the district court abuse its discretion in applying its local rule 56.1. Even if the district court departed from the strict language of its local rule, the departure didn't affect the substantial rights of either party. See Prof'l Programs Grp. v. Dep't of Commerce, 29 F.3d 1349, 1353 (9th Cir. 1994).

**AFFIRMED.**